IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ANTHEL LAVAN BROWN, | Cause No. CV 19-09-H-DLC-JTJ |
| Petitioner, | |
| vs. | FINDINGS AND |
| | RECOMMENDATIONS OF |
| LYNN GUYER, | MAGISTRATE JUDGE |
| Respondent. | |

This case comes before the Court on Anthel LaVan Brown's Petition for
Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Brown is a state prisoner
proceeding pro se.

**I.      28 U.S.C. § 2254 Petition**

As set forth below, based upon a review of Brown's petition it appears the
matter should be dismissed as an unauthorized second or successive petition.

In 1976, following pleas of guilty to felony theft, sexual assault, robbery,
aggravated assault, and deliberate homicide, in Montana's Eighteenth Judicial
District, Brown received a net prison sentence of 190 years.  See, Judg.  (Doc. 1-1
at 22-23).

Brown first sought federal habeas corpus relief in 1980 on the ground that
his guilty pleas were entered involuntary.  Brown's petition was denied.  See,

*Brown v. Crist*, 492 F. Supp. 965 (D. Mont. 1980).  The Ninth Circuit affirmed the denial of Brown's habeas petition.  *Brown v. Crist*, 654 F. 2d 728 (Table) (9th Cir. 1981).  Brown's petition for writ of certiorari was likewise denied.  *Brown v. Crist*, 454 U.S. 1087, 102 S. Ct. 648 (Mem.) (1981).

Brown has also advanced challenges to actions taken by the Montana Board of Pardons and Parole in denying his release as well as purported constitutional violations, including a violation of his Fifth Amendment privilege against self-incrimination.  See e.g., *Brown v. Mahoney*, No. CV-04-66-H-DWM, Or. Den. Pet. (D. Mont. filed March 15, 2006);[1] *Brown v. Mahoney*, No. CV-06-63-H-DWM, Or. (D. Mont. filed June 25, 2007);[2] *Brown v. Kirkegard*, No. CV-15-11-M-DLC, Or. Dismissing Pet. (D. Mont. filed Feb. 9, 2015).[3]  In the instant petition Brown alleges the state district court erred by accepting Brown's guilty pleas because the court should have recognized, and protected Brown from, his mental illness.  (Doc. 1 at 2-4.)

Under Ninth Circuit precedent, a habeas petition is second or successive if it raises claims that were or could have been adjudicated on the merits in an earlier § 2254 petition.  *McNabb v. Yates*, 576 F. 3d 1028, 1029 (9th Cir. 2009).  Brown has

---

[1] The Ninth Circuit affirmed denial of the petition on July 22, 2009.  *Brown v. Mahoney*, No. 06-35318 (9th Cir. July 22, 2009).
[2] The Circuit also affirmed the denial of this petition.  *Brown v. Mahoney*, No. 07-35646 (9th Cir. July 22, 2009).
[3] The Circuit denied Brown's request for a certificate of appealability.  *Brown v. Kirkegard*, No. 15-35318 (9th Cir. Dec. 17, 2015).

previously been advised that until he obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, under 28 U.S.C. § 2244(b), this Court has no jurisdiction to hear his claims.  See, *Brown v. Kirkegard*, No. CV-15-11-M-DLC, Or.at 2. (D. Mont. Feb. 9, 2015)(citing *Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam)).  Because Brown has not sought and obtained the appropriate authorization, his petition should be dismissed.

## II.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C.. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Mr. Brown's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2.  The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Brown may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Brown must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 15th day of January, 2019.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Brown is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

4