IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



ANTHEL LAVAN BROWN,

Petitioner,

vs.

LYNN GUYER,

Respondent.

CV 19–09–H–DLC–JTJ

ORDER

United States Magistrate Judge John T. Johnston entered his Findings and Recommendations in this case on January 15, 2019, recommending the dismissal of Petitioner Anthel Lavan Brown's Petition for lack of jurisdiction. (Doc. 2 at 4.) Brown filed an objection in which he requested additional time to gather documents and, nearly one month later filed an "Application for Certificate of Appealability." (Docs. 3; 4.) In his request for a certificate of appealability, Brown lays out the grounds upon which he objects. (Doc. 4 at 2–3.) Accordingly, Brown is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and

-1-

firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Judge Johnston determined that Brown's petition is a second or successive petition and, accordingly, this Court does not have jurisdiction to review his petition. Brown has previously been advised that this Court cannot review another of his petitions lacking leave from the Ninth Circuit Court of Appeals to file a successive habeas petition. *Brown v. Kirkegard*, No. 9:15-cv-11-DLC-JCL, Doc. 3 at 2 (D. Mont. Feb. 9, 2015). Nonetheless, Brown claims that he has "new evidence" that no sane man would plead guilty to a crime carrying a lifetime sentence and requests an additional 30 days to collect his documentation for presentation in a formal objection. Brown claims that this evidence would exempt him from the jurisdictional bar to this Court's review of his claim under 28 U.S.C. § 2244(b)(2)(B)(ii). What Brown fails to address is that he requires leave from the Ninth Circuit Court of Appeals to file his successive habeas petition in this Court.

28 U.S.C. § 2244(b)(3). Lacking such leave, this Court cannot review any new evidence. 30 additional days will avail Brown nothing. Additionally, because Brown has failed to make a substantial showing of the denial of a constitutional right or present an argument upon jurists of reason could disagree, his Motion for a certificate of appealability will be denied. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly,

IT IS ORDERED that Judge Johnston's Order and Findings and Recommendations (Doc. 2) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Brown's Petition (Doc. 1) is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a judgment of dismissal by separate document.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED and Brown's Motion (Doc. 4) requesting the same is DENIED.

DATED this 8th day of April, 2019.

Dana L. Christensen, Chief District Judge
United States District Court